# EXHIBIT G

5 Pages SCANNED Mon, 25 Jul 2022 21:34:10 GMT

# ROBERTS, P.A.

### ATTORNEYS AT LAW

H. CLAY ROBERTS
ROBERTS@ROBERTSPA.COM

JAVIER A. BASNUEVO
BASNUEVO@ROBERTSPA.COM

MORRIS C. PROENZA (1940-1995)

113 ALMERIA AVENUE
CORAL GABLES, FLORIDA 33134

(305) 442-1700 TELEPHONE
(305) 442-2559 FACSIMILE
www.robertspa.com

July 20, 2022

VIA U.S. Mail and E-mail
Rasier (FL), LLC and
Uber Technologies, Inc.
Attn: Legal Department
1515 3rd Street
San Francisco, CA 94158
claims@uber.com

and

Leanne Welch
Progressive Commercial
P.O. Box 94739
Cleveland, OH 44101
Leanne_welch@progressive.com

Re:    **Pre-Arbitration Dispute Resolution Letter**

To Whom It May Concern:

Our office represents Karina Monasterio. We are writing to you to allow Uber and Progressive the opportunity to resolve this issue before initiating litigation on the matter. This letter is a demand that Uber and/or Progressive immediately tender the $1,000,000.00 of uninsured motorist insurance coverage that Uber is required to maintain for Mrs. Monasterio pursuant to Florida law.

As you know, Florida law requires a Transportation Network Company ("TNC"), like Uber, to maintain several levels of coverage for its drivers. Fla. Stat. §627.748(7). While a driver is engaged in a ride, the TNC must provide uninsured and underinsured motorist ("UM") coverage for that driver. Fla. Stat. §627.748(7)(c)1.c. The law goes on to require that "if the TNC driver's insurance under paragraph (b) or paragraph (c) has lapsed or does not provide the required coverage, the insurance maintained by the TNC must provide the coverage required under this subsection, beginning with the first dollar amount of the claim, and have a duty to defend such a claim." Fla. Stat. §627.748 (7)(d).

Here, Mrs. Monasterio was engaged in a ride for Uber on May 6, 2022 when another vehicle, driven by Michael Israel, lost control on I-95, spun on the highway while traveling across

three lanes of traffic, and struck Mrs. Monasterio's vehicle. She suffered several slipped disks in her lower back, a spinal cord injury, a small facture in the L1, and can no longer walk. At just 34 years old, Mrs. Monasterio is now wheelchair bound. She is incapable of any kind of work, and will live the remainder of her life with severe disabilities.

Mrs. Monasterio would not have been on the roadway that day but for her work for Uber. When she originally signed up for Uber, she understood Uber provided UM coverage while she was engaged in a ride. Although Uber cancelled that policy sometime in 2022, this change in coverage was not communicated to Mrs. Monasterio.

When Mrs. Monasterio accessed her Uber app to see the kinds of coverage provided by Uber, the declarations page for Uber's Florida auto policy through Progressive disclosed a policy number 06250133, for a coverage period of March 1, 2022- March 1, 2023, which did not indicate that UM coverage had been rejected. After the accident, the declarations page provided directly by Progressive to Mrs. Monasterio's counsel indicates the policy number is 06250110, for a coverage period of March 1, 2022- March 1, 2023, and indicates UM coverage was rejected. Why did Uber and Progressive mislead Uber drivers by failing to disclose that UM coverage was rejected on the in-app version of Uber's declarations page? Why are there two separate policy numbers?

These important questions will factor prominently into any subsequent litigation on this issue. However, the answers are not dispositive. Both Uber and Progressive have a statutory duty to provide UM coverage in an amount equal to Uber's bodily injury insurance limits ($1,000,000) to Uber's drivers while they are engaged in a ride. There is no question in this instance that Mrs. Monasterio was engaged in a ride at the time she was struck by Mr. Israel. Furthermore, there is no question that her damages exceed the $1,000,000 insurance requirement dictated by Florida law. Uber and Progressive must provide this coverage whether they misled Uber drivers or not.

This letter is an opportunity for Uber and Progressive to settle this matter within their $1,000,000 insurance limits. Mrs. Monasterio demands that Uber and/or Progressive immediately agree to tender $1,000,000 in exchange for a full and final release in favor of Uber, its subsidiaries, and affiliate companies as well as Progressive, its affiliates, and subsidiary companies. The terms of this demand are as follows: Uber and Progressive must agree to this arrangement within 20 days of this letter, and the check made payable to "The Trust Account of Roberts, P.A." must be delivered to Mrs. Monasterio's attorney- Javier Basnuevo, Esq., 113 Almeria, Coral Gables FL 33133, within 30 days of this letter. Mrs. Monasterio will execute a general release in favor of Uber and Progressive before the check is due.

Pursuant to Florida Statute §627.4137, I hereby request that you provide me with a statement, under oath, of a corporate officer or a claims manager or superintendent setting forth the following information with regard to each known policy of insurance for Rasier (FL), LLC, Uber Technologies, Inc., including excess or umbrella insurance, AND UNINSURED OR UNDERINSURED MOTORIST COVERAGE- THIS REQUEST SPECIFICLLY SEEKS ANY AND ALL POLICIES THAT MAY PROVIDE COVERAGE AND IS NOT LIMITED TO PROGRESSIVE AUTO POLICIES IN FLORIDA, available to pay claims arising out of this

ROBERTS, P.A.

incident:

    a.    The name of the insurer.
    b.    The name of each insured.
    c.    The limits of liability coverage.
    d.    A statement of any policy or coverage defences which (the insurance carrier) reasonably believes is available to it.
    e.    Certified copies of the policies of insurance.

We welcome any opportunity to sit down and discuss this matter in a video or telephone conference at any time within the next 20 days. We look forward to a swift resolution of this matter; however, if our demand is not met, we intend to initiate litigation where we will no longer be willing to settle this claim for the amounts expressed in this letter.

Thank you for your prompt response.

Very truly yours,

JAVIER A BASNUEVO

JAB/kp

ROBERTS, P.A.